JANVIER, Judge.
Mrs. Anna Prager, a tenant in the premises No. 18.13 Baronne Street, in New Orleans, brings this suit for damages for personal injuries against the owner of the premises, Mrs. Rose Pailet Weinberg, alleging that because of defects in the leased premises, she fell as she was descending the rear steps and fractured her right leg. The defendant denies that there was any defect in the premises, and in the alternative, avers that the accident, if there was one, was caused by the contributory negligence of plaintiff herself. From a judgment dismissing her suit plaintiff has appealed.
Plaintiff testified that as she attempted to go down the rear steps leading into the yard, she slipped on the bottom step and fell into a drain which was directly in front of hier. She says that although the weather was clear, there was water on the step which had leaked through holes in a metal gutter overhead, and that this water, together with the fact that the bottom step was defective and sagged as she placed her foot on it, caused her to slip and fall into the drain. Her version of the accident is most confusing, and there is little, if any, corroborating evidence.
So far as the alleged defect in the step is concerned, the evidence is overwhelmingly to the effect that there was no such defect and that, as a matter of fact, the steps had been completely rebuilt with sound lumber about eighteen months prior to the alleged accident, and there was no repair *520 made to them between the time of the alleged accident and the date on whiich the case came to trial.
The other negligence which is charged is that the defendant failed to repair an overhead metal gutter which had a hole or holes in it, and that as a result, water fell from the gutter upon the steps and that this caused plaintiff to slip.
There is considerable evidence to the effect that, although on the day of the accident the weather was clear, there had been rain on the preceding day and on the preceding night, and that, because of the extremely cold weather, some of this rain water had frozen and that there was, or may have been, ice on the step. There is evidence to the effect that plaintiff had said to neighbors that she had fallen in the yard and that the fall had been caused by ice.
If, as a matter of fact, there was water on the step, we see no reason why she should not have taken such precaution as might have been necessary to avoid slipping in this water, since she says that she saw it before she stepped into it.
We conclude that if the accident occurred as plaintiff said it did, because she stepped into this water, it resulted from her own negligence. On the other hand, if she slipped because of ice on the steps, then we do not see that there was any negligence on the part of defendant. As a matter of fact, there is considerable evidence to the effect that plaintiff mentioned to neighbors that she was going to make trouble for the defendant because defendant was attempting to evict her from the premises.
Our conclusion is that plaintiff has fallen far short of proving that there was any negligence on the part of the defendant. We find no fault with the conclusion reached by the judge a quo.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.